While I agree with the Court of Criminal Appeals' decision as to the petitioner's first issue, I believe that the second issue raised by the petitioner has merit. From the information provided to us in the Court of Criminal Appeals' opinion, it is apparent that Frank Marion Salter, Sr., decided to remain silent after his arrest until he could speak with his lawyer. The only statement Mr. Salter made at the time of his arrest was that he did not sell anything and that he had just tried to trick someone. Mr. Salter was not questioned after his arrest and refused to sign the form stating that he understood his rights "without his attorney looking at it first."
During Mr. Salter's cross-examination, the prosecutor asked him why he did not tell the arresting officer what he was telling the jury. The trial judge sustained defense counsel's objection as to why Mr. Salter did not tell the officer something. During closing arguments, the prosecutor referred to the fact that Mr. Salter did not tell the police what he had just testified to. The trial judge again sustained defense counsel's objection and instructed the jury to disregard the prosecutor's remarks.
In its opinion, the Court of Criminal Appeals held that Mr. Salter waived his right to remain silent by making a statement and, consequently, that the prosecution could challenge the testimony. The Court of Criminal Appeals appears to have examined the issue only in one respect — whether Mr. Salter had waived his rights by making the statement he made. There exist, however, other areas of concern. The prosecution, in its closing argument, referred to the fact that Mr. Salter did not tell the police what he told the jury while testifying in his own behalf, even after the trial judge had sustained defense counsel's objections to this line of questioning. The Court of Criminal Appeals' opinion does not, in my opinion, adequately resolve this issue and does not provide us with enough information from the record to make a satisfactory ruling on this petition. Therefore, I would grant the petition in order to more closely examine the record in this case. *Page 1098